UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE RICHARD H. FRIEDBERG, | : | CIVIL ACTION NO. |
| | : | 3:12-CV-00940 (JCH) |
| Debtor | : | |
| | : | |
| RICHARD H. FRIEDBERG, | : | |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| MELISSA ZELEN NEIER, | : | MARCH 5, 2013 |
| Appellee. | : | |

**RULING RE: DEBTOR'S APPEAL**

**I.     INTRODUCTION**

Appellant Richard Friedberg ("Friedberg"), appearing pro se, appeals from the United States Bankruptcy Court's order converting this case from a Chapter 11 proceeding to a Chapter 7 proceeding.  Friedberg contends that the Bankruptcy Court erred when it concluded that cause existed, under 11 U.S.C. § 1112(b)(1), for the conversion.  Friedberg also seeks to vacate the Bankruptcy Court's Ruling.  See Appt.'s Br. (Doc. No. 7).  Appellee Melissa Zelen Neier ("Neier" or "Trustee"), the Chapter 7 Trustee, urges this court to affirm the Bankruptcy Court's Ruling and dismiss Friedberg's appeal.  See Appee.'s Br. (Doc. No. 11).

For the reasons described below, the court affirms the Bankruptcy Court's decision.

1

## II.  STATEMENT OF FACTS[1]

On December 18, 2008, Friedberg filed a voluntary petition in the Bankruptcy Court, seeking bankruptcy relief under Chapter 11 of the United States Code (the "Bankruptcy Code").  On April 30, 2010, the Bankruptcy Court entered an Order approving the appointment of Neier as Trustee.  On June 15, 2010, Neier filed a Motion to Convert Case from Chapter 11 to Chapter 7 (the "Motion to Convert").  Following a hearing on June 22, 2010, the Bankruptcy Court granted the Motion to Convert.  Friedberg was absent from that hearing due to a scheduled medical procedure.

On July 6, 2010, Friedberg appealed the Ruling to this court on the basis that, due to his absence, he was not afforded his right to be heard as a party in interest.  See 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, . . . may raise and may appear and be heard on any issue in a case under this chapter.").  On September 7, 2011, Judge Alvin W. Thompson entered an order vacating the Bankruptcy Court's decision and remanding it "for proceedings consistent with this order."  Appee. Ex. C, Order Regarding Appeal From Order Converting Case, ("Thompson Order"), at 1.  Judge Thompson noted that "there was no discussion and no finding" regarding whether Friedberg's right to be heard was violated when the hearing was held during his absence.  Id. at 3–4.

On April 25, 2012, the Bankruptcy Court held a second hearing (the "April 25 Hearing") regarding the Motion to Convert.  At the April 25 Hearing, the Bankruptcy Court noted that the Thompson Order "didn't call the [Bankruptcy] Court's attention to any error" or state that "the basis upon which [the Bankruptcy Court] reached [its]

---

[1] Unless otherwise stated, these facts are taken from the parties' papers, as well as the items the parties have designated to be included in the record on appeal, pursuant to Federal Rule of Bankruptcy Procedure 8006.

2

conclusion was wrong." Appee. Ex. D, April 25 Hearing Tr., at 45:9–10, 21–22. During the hearing, Neier testified that conversion was appropriate because the assets of the Estate had already been liquidated. Thus, all that remained in the Estate was "a pile of cash" to distribute, which would be subject to diminution absent conversion. Id. at 49:11–12, 57:16–18. Neier also testified that the creditors, "who comprise by far the largest financial stake in the case" and who were present at the hearing, supported conversion; and that conversion was in the best interests of the creditors. Id. at 49:21–24, 57:13–16. Neier offered further testimony that a Chapter 11 case incurs U.S. Trustee fees "that we would not incur were we in a Chapter 7 [case] and we were simply liquidating the assets." Id. at 57:23–25. Finally, Neier testified that conversion would provide "administrative savings to the estate" that would not be realized under Chapter 11, which would require the filing of a plan and disclosure statement. Id. at 58:1–4.[2]

After hearing testimony from Neier, the Bankruptcy Court permitted Friedberg to cross-examine Neier regarding her testimony.[3] See id. at 58:7–91:23. After cross-examination, Friedberg did not present any witnesses or evidence in support of his position opposing conversion. Id. 92:10–16.

The Bankruptcy Court then announced its findings. In finding that cause existed for conversion, the Bankruptcy Court determined that the basis upon which Neier relied in support of conversion was "substantial or continuing loss or diminution of the estate in the absence of a reasonable likelihood of rehabilitation." Id. 95:6–9. Specifically, the

---

[2] Counsel for the IRS also argued that conversion was in the best interests of the creditors "in a circumstance like this one where there's just money in an account and there is nothing further to administer in the estate," and because of the "additional expense" of a plan and disclosure statement. April 25 Hearing Tr. at 100:14–101:2.

[3] The Bankruptcy Court determined that the scope of cross-examination was determined by Neier's stated basis for conversion, as presented in her testimony, which was "to save the estate money." Id. at 71:13–14.

Bankruptcy Court found that the loss that would occur was "a U.S. Trustee quarterly fee and the cost of a disclosure statement and plan" under Chapter 11.  Id. at 96:21–24.  Although the Bankruptcy Court stated that it could not calculate how much money would be saved, "some expense is greater than no expense and it is for sure that there will be some expense attributed to the U.S. Trustee fees that doesn't exist with a Chapter 7."  Id. at 101:19–23, 102:10–13.  Accordingly, the Bankruptcy Court decided to "exercise its discretion and grant" the Trustee's Motion to Convert, noting that there was "no question whatsoever that [the conversion] will save money." Id. at 110:7–12.

Friedberg filed a Motion to Reconsider the Bankruptcy Court's ruling, but that Motion was denied on May 25, 2012.  See Appee. Ex. E, Motion to Reconsider; Order Denying Motion to Reconsider (Doc. No. 1112), In re Friedberg, No. 08-br-51245.  This appeal followed.

### III. JURISDICTION

This court has jurisdiction to review final judgments, orders, and decrees of the bankruptcy court.  28 U.S.C. § 158(a)(1).

### IV. STANDARD OF REVIEW

The parties do not dispute that a bankruptcy court's decision to convert a case from Chapter 11 to Chapter 7 is reviewed for abuse of discretion.  See Appt.'s Br. at 1 (stating that the "applicable standar[d] of review" is "abuse of discretion"); Appee.'s Br. at 2 ("Courts have generally held that the decision regarding whether to convert or dismiss a Chapter 11 bankruptcy case . . . is reviewed for abuse of discretion."). Indeed, the Second Circuit Bankruptcy Appeal Panel and this court have both held that "abuse of discretion" is the proper standard of review of a bankruptcy court's decision to

4

convert a case under the Bankruptcy Code. In re Blaise, 219 B.R. 946, 950 (BAP 2d Cir. 1998) (noting that "an order converting a bankruptcy case for cause is reviewed for an abuse of discretion"); Milford Conn. Assocs., L.P. v. Adams (In re Milford Conn. Assocs.), 404 B.R. 699, 705 (D. Conn. 2009) ("Courts that have reviewed bankruptcy courts' decisions to convert a case from Chapter 11 to Chapter 7 pursuant to section 1112(b) have uniformly applied an abuse of discretion standard of review.") (collecting cases).

A bankruptcy court's decision to convert a case to Chapter 7 is within that court's discretion and will be reversed only if that decision "(1) is based on clearly erroneous or insufficient factual findings[;] (2) rests on an erroneous view of the law; or (3) falls outside the range of permissible decisions." Id. at 706 (citing Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169–70 (2d Cir. 2001)).  Further, a finding of fact is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted).

**V.   DISCUSSION**

Section 1112(b)(1) of the Bankruptcy Code provides that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b)(1) (emphasis added).  One of the many grounds sufficient to establish "cause" is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Id. § 1112(b)(4)(A).  If a bankruptcy court

determines that cause has been shown, then it "has no choice, and no discretion," and must dismiss or convert the Chapter 11 case.  In re TCR of Denver, LLC, 338 B.R. 494, 498 (Bankr. D. Colo. 2006).

Conversely, a bankruptcy court may not convert a Chapter 11 case to a Chapter 7 case if:  (1) the bankruptcy court finds that conversion would not be in the best interests of creditors and the estate; (2) the debtor or any party in interest establishes a "reasonable likelihood" that a plan will be confirmed within a reasonable period of time; and (3) the grounds for the conversion include an act or omission of the debtor, other than under section 1112(b)(4)(A), there is a "reasonable justification" for the act or omission, and the act or omission can be cured "within a reasonable period of time fixed by the court."  Id. § 1112(b)(2).

The Bankruptcy Court did not abuse its discretion when it ordered the conversion in this case.  Its finding of cause, due to a determination that there was "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," was not based on clearly erroneous or insufficient factual findings or on an erroneous view of the law.  11 U.S.C. § 1112(b)(4)(A).  Neier testified that conversion was in the best interest of the creditors and that conversion would be less expensive than if the case were to remain under Chapter 11.  April 25 Hearing Tr. at 57:15–18, 58:1–4.  Indeed, the Bankruptcy Court found that conversion would avoid diminution of the Estate because it would result in lower U.S. Trustee fees and other administrative costs, such as those associated with a disclosure statement and plan. See supra, at Part II; April 25 Hearing Tr. at 95:6–9, 96:21–24.  Neier also testified that the assets of Estate had been liquidated, and only cash remained.  Id. at 49:9–13.

Thus, there was sufficient evidence for the Bankruptcy Court to conclude that there was no reasonable likelihood of rehabilitation of the Estate.

Moreover, Friedberg's arguments are either incorrect or do not challenge the Bankruptcy Court's finding of cause. Friedberg contends that the Bankruptcy Court committed an abuse of discretion when it ordered the conversion, because the court "rested its decision on . . . innuendo, hearsay and unsubstantiated allegations." Appt.'s Reply Br. at 3. According to Friedberg, "no specific bona fide facts or evidence was presented to the Bankruptcy Court." Id. Friedberg also made a number of other assertions, including the following: that the Bankruptcy Court was biased against him, id. at 3; that Neier wrongly claimed that Friedberg structured various businesses and transactions to "hinder, delay, or defraud creditors," id. at 4; that Neier wrongly claimed that Friedberg received deposits and refused to refund them, id. at 5; that Neier did not have access to Friedberg's financials and thus could not speak knowledgeably about whether reorganization was possible, id. at 5; that the Bankruptcy Court admitted that it could not calculate exactly the amount that would be saved through conversion, id. at 8; and that any financial problems with the Estate were due to Neier's acts, id. at 9.

Most of Friedberg's arguments do not challenge the Bankruptcy Court's conclusion that conversion was required because there existed "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). For example, allegations that Neier was incorrect as to Friedberg's attempts to hinder, delay, or defraud creditors, even if true, would not show that losses were <u>not</u> occurring to the Estate. Friedberg's allegation that

7

Neier wrongly claimed that Friedberg refused to refund deposits also would not show that losses were not occurring to the Estate.

The closest Friedberg comes to directly challenging the Bankruptcy Court's findings is when he argues that the Bankruptcy Court could not calculate exactly how much money would be saved through conversion. However, Friedberg does not advance any arguments as to why the Bankruptcy Court must make such a showing. The Bankruptcy Court stated that, even though it could not calculate exact savings, there was "no question whatsoever that [the conversion] will save money," Apr. 25 Hearing Tr. at 110:7–12, and Friedberg offered no evidence that would tend to show that this finding was in error or that a contrary conclusion was appropriate. Thus, the Bankruptcy Court was well within its discretion to rely on, among other evidence, testimony by Neier regarding what fees and plans would be required under Chapter 11 as opposed to Chapter 7.

The Bankruptcy Court also did not abuse its discretion by failing to find that it should <u>not</u> convert the case under section 1112(b)(2). The Bankruptcy Court would have had to find, among other things, that conversion would not be in the best interests of the creditors and the Estate, and that Friedberg had established a "reasonable likelihood" that a plan would be confirmed within a reasonable period of time. See 11 U.S.C. § 1112(b)(2). However, at the April 25 Hearing, Friedberg offered no evidence (testimonial or documentary) that would support his position that the Bankruptcy Court should not convert his case. When asked whether he had filed a witness list or exhibit list, he confirmed that he had not, and then he rested his case. April 25 Hearing Tr. at 92:10–14. Further, evidence at the hearing contradicted a finding that the case should

8

not be converted. For example, Neier testified that conversion was in the best interests of the creditors. Accordingly, the Bankruptcy Court did not erroneously conclude that section 1112(b)(2) did not apply to this case.

Based on all the evidence in the record, this court determines that there existed sufficient evidence upon which the Bankruptcy Court rationally could have concluded that cause existed, and that the Bankruptcy Court did not abuse its discretion when it ordered conversion.

## VI. CONCLUSION

For the reasons explained above, the court **AFFIRMS** the Bankruptcy Court's Order converting this case from one under Chapter 11 to one under Chapter 7.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of March, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge